IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QUEST INTEGRITY USA, LLC,<br><br>      Plaintiff,<br><br>v.<br><br>CLEAN HARBORS INDUSTRIAL SERVICES, INC.,<br><br>      Defendant. | C.A. No. 14-1482 (SLR) |

**ANSWER TO
COMPLAINT FOR PATENT INFRINGEMENT**

Defendant, Clean Harbors Industrial Services, Inc. ("Clean Harbors"), by its undersigned counsel, hereby responds to Plaintiff's Complaint for Patent Infringement (the "Complaint") filed by Plaintiff Quest Integrity USA, LLC ("Quest") on December 15, 2014 in the United States District Court for the District of Delaware as follows.

**THE PARTIES**

1. Clean Harbors lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint, and on that basis denies those allegations.

2. Clean Harbors admits that Clean Harbors Industrial Services, Inc. is a Delaware corporation. Clean Harbors admits that its current corporate headquarters are located in Norwell, Massachusetts.

**JURISDICTION AND VENUE**

3. Clean Harbors admits that Quest purports that this civil action arises under 35 U.S.C. § 1, *et. seq*. Clean Harbors admits that 28 U.S.C. §§ 1331 and 1338(a) confer jurisdiction upon this Court as to claims arising under the patent laws and claims arising under the laws of the United States. To the extent that Paragraph 3 of the Complaint asserts legal conclusions, no response is required. Clean Harbors denies any remaining allegations set forth in Paragraph 3 of the Complaint.

4. Clean Harbors admits that Quest purports that this Court has personal jurisdiction over Clean Harbors. Clean Harbors admits that Clean Harbors Industrial Services, Inc. is a Delaware corporation. To the extent that Paragraph 4 of the Complaint asserts legal conclusions, no response is required. Clean Harbors denies any remaining allegations set forth in Paragraph 4 of the Complaint.

5. Clean Harbors admits that Quest purports that venue is proper in the District of Delaware pursuant to 28 U.S.C. §§ 1391(b), 1391 (c) and 1400(b). Clean Harbors admits that Clean Harbors Industrial Services, Inc. is a Delaware corporation. To the extent that Paragraph 5 of the Complaint asserts legal conclusions, no response is required. Clean Harbors denies any remaining allegations set forth in Paragraph 5 of the Complaint.

**THE PATENT-IN-SUIT**

6. Clean Harbors admits that the United States Patent and Trademark Office issued U.S. Patent No. 7,542,874 entitled "2D and 3D Display System and Method for Furnace Tube Inspection" on June 2, 2009. Clean Harbors admits that what appears to be a copy of U.S. Patent No. 7,542,874 is attached to the Complaint as Exhibit A. To the extent that Paragraph 6 asserts

legal conclusions, no response is required. Clean Harbors specifically denies that the '874 Patent is valid and enforceable. Clean Harbors lacks knowledge or information sufficient to form a belief about the remaining allegations set forth in Paragraph 6 of the Complaint, and on that basis denies those allegations.

7. To the extent that Paragraph 7 of the Complaint asserts legal conclusions, no response is required. Clean Harbors lacks knowledge or information sufficient to form a belief about the allegations set forth in Paragraph 7 of the Complaint, and on that basis denies those allegations.

## THE RELEVANT TECHNOLOGY

8. Clean Harbors lacks knowledge or information sufficient to form a belief about the allegations set forth in Paragraph 8 of the Complaint, and on that basis denies those allegations.

9. Clean Harbors admits the allegations set forth in Paragraph 9 of the Complaint.

10. Clean Harbors admits that refineries are periodically required to shut down furnaces for scheduled cleaning, inspection, and maintenance. Clean Harbors lacks knowledge or information sufficient to form a belief about the remaining allegations set forth in Paragraph 10 of the Complaint, and on that basis denies those allegations.

11. Clean Harbors admits the allegations set forth in Paragraph 11 of the Complaint.

12. Clean Harbors lacks knowledge or information sufficient to form a belief as to whether most refineries use "cleaning pigs" to de-coke furnace tubes and as to whether the competition between Clean Harbors, Cokebusters and A.Hak is fierce, and on that basis denies those allegations. Clean Harbors admits the remaining allegations set forth in Paragraph 12 of the Complaint.

13. Clean Harbors lacks knowledge or information sufficient to form a belief as to whether inspection detects (and therefore prevents) potentially catastrophic leaks or ruptures and is also mandated by governmental regulation, and on that basis denies those allegations. Clean Harbors admits the remaining allegations set forth in Paragraph 13 of the Complaint.

14. Clean Harbors admits the allegations set forth in Paragraph 14 of the Complaint.

15. Clean Harbors lacks knowledge or information sufficient to form a belief as to whether it is very difficult to measure furnace tube wear over time because spot checking is not repeatable with precision, and on that basis denies those allegations. Clean Harbors admits the remaining allegations set forth in Paragraph 15 of the Complaint.

16. Clean Harbors admits the allegations set forth in Paragraph 16 of the Complaint.

17. Clean Harbors lacks knowledge or information sufficient to form a belief about the allegations set forth in Paragraph 17 of the Complaint, and on that basis denies those allegations.

18. Clean Harbors admits that U.S. Patent Application No. 11/142,776 (the "'776 Application"), from which the '874 Patent issued, was filed with the U.S. Patent and Trademark Office on June 1, 2005 and that U.S. Patent Application No. 60/576,276, from which the '776 Application claims priority, was filed with the U.S. Patent and Trademark Office on June 1, 2004. Clean Harbors admits that the U.S. Patent and Trademark Office issued the '874 Patent on June 2, 2009. Clean Harbors lacks knowledge or information sufficient to form a belief about the remaining allegations set forth in Paragraph 18 of the Complaint, and on that basis denies those allegations.

19. Clean Harbors lacks knowledge or information sufficient to form a belief about the allegations set forth in Paragraph 19 of the Complaint, and on that basis denies those allegations.

20. Clean Harbors lacks knowledge or information sufficient to form a belief about the allegations set forth in Paragraph 20 of the Complaint, and on that basis denies those allegations.

21. Clean Harbors lacks knowledge or information sufficient to form a belief about the allegations set forth in Paragraph 21 of the Complaint, and on that basis denies those allegations.

22. Clean Harbors lacks knowledge or information sufficient to form a belief about the allegations set forth in Paragraph 22 of the Complaint, and on that basis denies those allegations.

23. To the extent that Paragraph 23 of the Complaint asserts legal conclusions as to the '874 Patent as covering aspects of Quest's FTIS™ furnace tube inspection system, no response is required. Clean Harbors admits that Exhibit B contains a footnote purporting that the '874 Patent covers "2D and 3D modelling." Clean Harbors lacks knowledge or information sufficient to form a belief about the remaining allegations set forth in Paragraph 23 of the Complaint, and on that basis denies those allegations.

24. To the extent that Paragraph 24 of the Complaint asserts legal conclusions as to Quest's rights in the '874 Patent, no response is required. Clean Harbors lacks knowledge or information sufficient to form a belief about the remaining allegations set forth in Paragraph 24 of the Complaint, and on that basis denies those allegations.

CHICAGO/#2665168.3
RLF1 11437838v.1

25. To the extent that Paragraph 25 of the Complaint asserts legal conclusions as to furnace tube inspection systems being infringing, no response is required. Clean Harbors lacks knowledge or information sufficient to form a belief about the remaining allegations set forth in Paragraph 25 of the Complaint, and on that basis denies those allegations.

26. To the extent that Paragraph 26 of the Complaint asserts legal conclusions as to furnace tube inspection systems being infringing, no response is required. Clean Harbors specifically denies that it offers furnace tube inspection systems that infringe one or more claims of a valid and enforceable patent owned by Quest. Clean Harbors admits that it has offered de-coking services and furnace tube inspection services. Clean Harbors lacks knowledge or information sufficient to form a belief about the remaining allegations set forth in Paragraph 26 of the Complaint, and on that basis denies those allegations.

27. To the extent that Paragraph 27 of the Complaint asserts legal conclusions as to furnace tube inspection systems being infringing, no response is required. Clean Harbors specifically denies that it offers either furnace tube inspection systems or furnace tube inspection services that infringe one or more claims of a valid and enforceable patent owned by Quest. Clean Harbors admits that it has offered de-coking services and furnace tube inspection services. Clean Harbors lacks knowledge or information sufficient to form a belief about the remaining allegations set forth in Paragraph 27 of the Complaint, and on that basis denies those allegations.

28. To the extent that Paragraph 28 of the Complaint asserts legal conclusions, no response is required. Clean Harbors specifically denies that it offers either furnace tube inspection systems or furnace tube inspection services that infringe one or more claims of a valid and enforceable patent owned by Quest. Clean Harbors lacks knowledge or information

sufficient to form a belief about the remaining allegations set forth in Paragraph 28 of the Complaint, and on that basis denies those allegations.

29. Clean Harbors admits that Quest has sought preliminary injunctive relief to enjoin Clean Harbors from purportedly infringing the '874 Patent. Clean Harbors admits that Quest has sought preliminary injunctive relief in related actions to enjoin purported infringement by Cokebusters USA Inc. and A.Hak Industrial Services US LLC. Clean Harbors lacks knowledge or information sufficient to form a belief about the remaining allegations set forth in Paragraph 29 of the Complaint, and on that basis denies those allegations.

30. Clean Harbors denies the allegations set forth in Paragraph 30 of the Complaint.

31. Clean Harbors denies that preliminary injunctive relief will cause trifling injury to Clean Harbors. Clean Harbors lacks knowledge or information sufficient to form a belief about the remaining allegations set forth in Paragraph 31 of the Complaint, and on that basis denies those allegations.

32. Clean Harbors denies that preliminary injunctive relief will not injure Clean Harbors. Clean Harbors admits that it had total revenue exceeding $3.5 billion in the 2013 fiscal year for all products and services. Clean Harbors admits that a majority of Clean Harbors' total annual revenue comes from sources other than furnace tube inspection services. Clean Harbors denies any remaining allegations set forth in Paragraph 32 of the Complaint.

33. To the extent that Paragraph 33 of the Complaint asserts legal conclusions as to furnace tube inspection systems and/or furnace tube inspection services infringing the '874 Patent, no response is required. Clean Harbors denies that it offers either furnace tube inspection systems or furnace tube inspection services which infringe a valid and enforceable patent owned by Quest. Clean Harbors lacks knowledge or information sufficient to form a belief about the

remaining allegations set forth in Paragraph 33 of the Complaint, and on that basis denies those allegations.

## DEFENDANT'S KNOWLEDGE OF THE '874 PATENT

34. Clean Harbors admits that it offers furnace tube inspection services. Clean Harbors lacks knowledge or information sufficient to form a belief about the remaining allegations set forth in Paragraph 34 of the Complaint, and on that basis denies those allegations.

35. Clean Harbors admits that Quest purports that Clean Harbors' predecessor-in-interest acquired Quest's proprietary intellectual property. Clean Harbors admits that Clean Harbors' predecessor-in-interest hired a former employee of Quest's predecessor(s)-in-interest. Clean Harbors lacks knowledge or information sufficient to form a belief about the remaining allegations set forth in Paragraph 35 of the Complaint, and on that basis denies those allegations.

36. Clean Harbors admits that Quest's predecessor(s)-in-interest and Clean Harbors' predecessor-in-interest were previously involved in litigation. Clean Harbors admits that Quest's predecessor(s)-in-interest also had claims against a former employee of Quest's predecessor(s)-in-interest. Clean Harbors lacks knowledge or information sufficient to form a belief about the remaining allegations set forth in Paragraph 36 of the Complaint, and on that basis denies those allegations.

37. Clean Harbors admits that Clean Harbors' predecessor-in-interest executed a confidential settlement agreement with Quest's predecessor(s)-in-interest and that Clean Harbors is aware of the terms of that agreement. Clean Harbors lacks knowledge or information sufficient to form a belief about the remaining allegations set forth in Paragraph 37 of the Complaint, and on that basis denies those allegations.

38. Clean Harbors admits that its predecessor-in-interest was informed of the existence of a patent application by or on behalf of Quest's predecessor(s)-in-interest directed to

displays prior to the date on which the confidential settlement agreement was executed. Clean Harbors denies any remaining allegations set forth in Paragraph 38 of the Complaint.

## COUNT I:  INFRINGEMENT OF U.S. PATENT NO. 7,542,874

39. For its response to Paragraph 39 of the Complaint, Clean Harbors realleges and incorporates by reference each of the responses to the allegations set forth in the Paragraphs of the Complaint above as if fully set forth herein.

40. To the extent that Paragraph 40 of the Complaint asserts legal conclusions, no response is required. Clean Harbors denies any remaining allegations set forth in Paragraph 40 of the Complaint.

41. Clean Harbors denies the allegations set forth in Paragraph 41 of the Complaint.

42. To the extent that Paragraph 42 of the Complaint asserts legal conclusions, no response is required. Clean Harbors denies any remaining allegations set forth in Paragraph 42 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Defense – No Patent Infringement

1. Clean Harbors does not infringe, has not infringed (directly, contributorily or by inducement) and is not liable for infringement of any valid and enforceable claim of U.S. Patent No. 7,542,874 (the "'874 Patent").

2. No claim of the '874 Patent can be properly construed to cover any of Clean Harbors' products or services.

### Second Defense – Exceptional Case

3. This is an exceptional case under 35 U.S.C. § 285. It is obvious that no valid and enforceable claim of the '874 Patent can be properly construed to cover any of Clean Harbors' products or services and that Quest has initiated this litigation, not as a result of a good faith

belief that Clean Harbors' products or services infringe a valid and enforceable claim of the '874 Patent, but instead to stifle competition in the field of pipeline inspection services and systems.

4. Clean Harbors is thus entitled to its attorneys' fees incurred in defending itself in this case.

### Third Defense – Patent Invalidity

5. The '874 Patent is invalid under 35 U.S.C. § 101 because one or more claims are directed to abstract ideas or other non-statutory subject matter.

6. The '874 Patent is invalid because it fails to meet the "conditions for patentability" of 35 U.S.C. §§ 101, 102, 103 and/or 112 because the alleged invention thereof lacks utility; is taught by, suggested by and/or obvious in view of the prior art; and/or is not adequately supported by the written description of the patented invention.

### Fourth Defense – Inequitable Conduct

7. Each individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the Patent Office, which includes a duty to disclose "all material known to the individual to be material to patentability." 37 C.F.R. § 1.56. Upon information and belief, Quest, or its predecessor(s)-in-interest, breached this duty and thus engaged in inequitable conduct that renders the '874 Patent unenforceable.

### Fifth Defense – Limitation on Patent Damages

8. Quest's claim for damages, if any, against Clean Harbors for alleged infringement of the '874 Patent is limited by 35 U.S.C. §§ 287 and 288.

# COUNTERCLAIMS

As and for its counterclaims against Plaintiff Quest Integrity USA, LLC ("Quest"), Clean Harbors Industrial Services, Inc. ("Clean Harbors"), by its undersigned counsel, hereby alleges as follows:

## The Parties

1. Clean Harbors is a corporation organized and existing under the laws of the State of Delaware and having a place of business in Norwell, Massachusetts.

2. Upon information and belief, Quest is a limited liability company organized and existing under the laws of the State of Texas and having its principal place of business in Kent, Washington.

## Jurisdiction and Venue

3. Subject to Clean Harbors' defenses and denials, this Court has jurisdiction over the subject matter of these Counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1338(a), 1367, 2201 and 2202, and venue for these Counterclaims is proper in this district.[1]

4. This Court has personal jurisdiction over Quest.

## Factual Background

5. In its Complaint, Quest asserts that Clean Harbors' furnace tube inspection services and/or furnace tube inspection systems infringe one or more claims of U.S. Patent No. 7,542,874 (the "'874 Patent").

---

[1] Clean Harbors has filed a motion joining the January 23, 2015 motion of Cokebusters USA Inc. requesting that this Court transfer this action to the United States District Court for the Southern District of Texas, Houston Division under 28 U.S.C. § 1404(a). Plaintiff Quest Integrity USA, LLC sued 1) Clean Harbors in Delaware in Civil Action No. 14-1482-SLR, and 2) Cokebusters USA Inc. in Civil Action No. 14-1483-SLR. Cokebusters USA Inc.'s Motion to Transfer, Opening Brief and supporting Declaration were filed in C.A. No. 14-1483-SLR at D.I. Nos. 25-28. These actions were joined for purposes of discovery with respect to a pending preliminary injunction motion brought by Plaintiff Quest Integrity USA, LLC.

6. Clean Harbors does not infringe any valid and enforceable claim of the '874 Patent, either directly or indirectly.

7. There thus exists an actual juticiable case and controversy between the parties regarding the '874 Patent.

## COUNT I
### Declaratory Judgment of Non-Infringement of the '874 Patent

8. Clean Harbors restates and incorporates by reference its allegations set forth in paragraphs 1-7 of its Counterclaims.

9. An actual justiciable case or controversy exists between Clean Harbors and Quest as to whether Clean Harbors infringes the '874 Patent.

10. Clean Harbors has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '874 Patent.

11. This is an exceptional case under 35 U.S.C. § 285 because Quest either knew Clean Harbors did not infringe the '874 Patent when it filed its Complaint or deliberately failed to investigate whether Clean Harbors infringed the '874 Patent. It is obvious from even a cursory review of the products and/or services at issue that Clean Harbors does not infringe the '874 Patent.

## COUNT II
### Declaratory Judgment of Invalidity of the '874 Patent

12. Clean Harbors restates and incorporates by reference its allegations set forth in paragraphs 1-11 of its Counterclaims.

13. An actual justiciable case or controversy exists between Clean Harbors and Quest as to whether the '874 Patent is valid.

CHICAGO/#2665168.3
RLF1 11437838v.1

14. A judicial declaration is necessary and appropriate so that Clean Harbors may ascertain its rights as to whether the '874 Patent is valid.

15. The '874 Patent is invalid because it fails to meet the "conditions of patentability" per 35 U.S.C. §§ 101, 102, 103 and/or 112 because the alleged invention lacks utility; is directed to abstract ideas or other non-statutory subject matter; is taught by, suggested by and/or obvious in view of the prior art; and/or is not adequately supported by the written description of the patented invention, and no claim of the '874 Patent can be properly construed to cover any of Clean Harbors' products.

16. This is an exceptional case under 35 U.S.C. § 285 because Quest filed its Complaint with knowledge of the facts stated in this Counterclaim.

## PRAYER FOR RELIEF

WHEREFORE, having responded to Quest's Complaint and asserted its Counterclaims against Quest, Clean Harbors prays for judgment as follows:

(a) a judgment dismissing Quest's Complaint against Clean Harbors with prejudice;

(b) a judgment in favor of Clean Harbors on all of its Counterclaims;

(c) a declaration that Clean Harbors has not infringed, contributed to the infringement of or induced others to infringe, either directly or indirectly, any valid and enforceable claims of the '874 Patent;

(d) a declaration that the '874 Patent is invalid;

(e) a declaration that this case is exceptional and an award to Clean Harbors of its reasonable costs and expenses of litigation, including its attorneys' fees and expert witness fees; and

(f) any such further relief in Clean Harbors' favor as this Court deems just and proper.

CHICAGO/#2665168.3
RLF1 11437838v.1

| | |
|---|---|
| | */s/ Kelly E. Farnan* |
| OF COUNSEL: | Kelly E. Farnan (#4395) |
| Michael J. Turgeon | farnan@rlf.com |
| Robert S. Rigg | Selena E. Molina (#5936) |
| VEDDER PRICE, P.C. | Molina@rlf.com |
| 222 North LaSalle Street, Suite 2500 | Richards, Layton & Finger, P.A. |
| Chicago, IL  60601 | One Rodney Square |
| Tel: (312) 609-7500 | 920 North King Street |
| mturgeon@vedderprice.com | Wilmington, DE 19801 |
| rrigg@vedderprice.com | (302) 651-7705 |
| | *Attorneys for Defendant Clean Harbors* |
| Dated:  January 30, 2015 | *Industrial Services, Inc.* |