IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| QUEST INTEGRITY USA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 14-1482-SLR |
| | ) | |
| CLEAN HARBORS INDUSTRIAL SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| QUEST INTEGRITY USA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 14-1483-SLR |
| | ) | |
| COKEBUSTERS USA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

At Wilmington this 1st day of November, 2016, having reviewed the papers

submitted in connection with the various disputes pending in the above captioned

litigation;

IT IS ORDERED that:

1. **Motion to amend.** The motion for leave to file *Walker Process* antitrust

counterclaims filed by defendant Cokebusters USA Inc. ("Cokebusters") (D.I. 152) is

granted, as it was timely filed and sufficiently pled. However, consistent with the court's

practice, the antitrust counterclaims are hereby bifurcated, to be tried (if at all) after the Federal Circuit has had the opportunity to review the merits of the patent litigation on appeal.  Any issues related to discovery shall be addressed at that time.

2. **Motion for reconsideration.**  The motion for reconsideration filed by plaintiff Quest Integrity USA, LLC ("Quest") (D.I. 202) is denied.  The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).  A court should exercise its discretion to alter or amend its prior decision only if the movant demonstrates one of the following:  (a) a change in the controlling law; (b) a need to correct a clear error of law or fact or to prevent manifest injustice; or (c) availability of new evidence not available when the decision issued.  *See id.*

3. Quest complains that placing limits on the number of claims it can assert through expert discovery and trial is prejudicial.  There can be no dispute at this juncture, however, that a court has the authority "to reasonably limit both the number of claim terms to be construed and the number of patent claims the parties may assert, 'to control the dispositions of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Masimo Corp. v. Philips Electronics North America*, 918 F. Supp. 2d 277, 282 (D. Del. 2013).  The court concludes that, by the time the claim limits were imposed (August 19, 2016), Quest had sufficient information to choose representative claims:  (a) fact discovery was substantially completed; (b) the court's claim construction order had issued; and (c) Quest initiated the litigation with a

preliminary injunction proceeding, giving the parties a substantial amount of information at the outset. Moreover, Quest did not address, in either its papers or at the September 30, 2016 conference, the issue of how the limit of five claims imposed by the court has prevented Quest from trying all of its representative claims.[1] *See In re Katz.Interactive Call Processing Patent Litigation,* 639 F.3d 1303, 1309 (Fed. Cir. 2011). Without such input from Quest, the court declines to find any prejudice in either the limits imposed or the process followed.

4. **October 26, 2016 emergency email.** Quest complains that, while it is complying with the above claim limits, defendants Cokebusters and Clean Harbors Industrial Services, Inc. ("Clean Harbors") have proposed more than the allowed three prior art references per claim. (Civ. No. 14-1482, D.I. 145; Civ. No. 14-1483, D.I. 194) Unlike using a single reference (e.g., a patent) for purposes of proving anticipation, Clean Harbors and Cokebusters are asserting anticipation by prior use/sales. The fact that a single prior use/sale may require more than one document to prove its existence and substance does not mean that defendants are relying on more than a single allegedly anticipatory event. Therefore, so long as the events were timely disclosed, and so long as the documents related to the events were vetted through discovery and clearly relate to the single identified event, the court will not grant any relief at this time.

5. ***In camera* review - representative redacted documents.** Having reviewed the exemplars (Civ. No. 14-1483, D.I. 257, D.I. 259), the court finds that the redactions

---

[1]Quest concedes that the patent at issue (the '874 patent) has numerous redundant claims. Pursuant to the court's August 19, 2016 order (Civ. No. 14-1482, D.I. 145; Civ. No. 14-1483, D.I. 194), Quest has asserted three independent claims and two dependent claims depending from two additional independent claims.

are consistent with its prior rulings regarding the attorney-client privilege and foreign

sales.

      6. ***In camera* review - Stinson Leonard L.L.P. documents.**  Exhibits 13 and

14 are protected by the attorney-client privilege.  Exhibit 12 is an affidavit executed by a

third party for submission to the Patent & Trademark Office ("PTO") in connection with

the prosecution of the '874 patent.  It appears to the court that the affidavit was never

submitted to the PTO and was prepared by someone other than the affiant, presumably

the attorneys.  Therefore, the court concludes that the affidavit need not be produced,

as it is protected by the work product doctrine as trial preparation materials, comparable

to a draft report or the facts and opinions held by an expert not expected to be called as

a witness at trial.  *See* Fed. R. Civ. P. 26(b)(3)(A) and (4)(B) and (D).

_____
United States District Judge
